UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:  Christopher A. Phillips
       Stephanie N. Phillips

CASE NO. 10- 15810
CHAPTER 13

## Amended CHAPTER 13 PLAN

**Payments to Trustee from the debtor(s):**

1. The debtor(s) shall pay to the Trustee the sum of **$ 2,290.90** per month for **Sixty months** through employer wage deduction unless the debtor(s) indicate an intention to pay direct so long as the debtor(s) remain current on plan payments. The debtor(s) will pay **Direct** (direct or through wage deduction).

2. Unless this plan is confirmed as a 36 month plan guaranteeing a 100% dividend to unsecured creditors, the debtor(s) will additionally turn over to the Trustee all tax refunds, bonuses, unused vacation pay and any other irregular or incidental disposable income received during the term of the Plan to be distributed in accordance with guidelines established by the Court. These amounts will be applied to the existing plan base; however, to the extent applying these additional amounts to the existing base would reduce the plan length to less than 36 months, the plan base will be increased. Federal earned income credit portions of tax refunds will be returned to the debtor(s) if a timely request for such relief is received prior to disbursement of the funds to creditors.

3. The debtor(s) will additionally turn over to the Trustee the nonexempt portion of the proceeds of any lawsuit, inheritance or any other windfall in an amount in excess of $500. The plan base shall be increased by the amount received as a result of the lawsuit, inheritance or other windfall.

**From payments received under the plan, the Trustee shall make the following disbursements:**

1. To the Trustee, administrative expenses to be paid in full pursuant to 11 U.S.C. §1326 and 28 U.S.C. §586.

2. To the debtor(s)' attorney, the sum of **$1,250.00** to be paid at **$MAX** per month until paid in full.

3. To secured creditors, deferred payments as follows:

   a. Holders of long term debts pursuant to 11 U.S.C. §1322(b)(5) will be paid as follows:

| Creditor | Monthly Ongoing Payment | Arrearage Amount* | Interest on Arrearage | Fixed Payment on Arrearage or Pro Rata |
|---|---|---|---|---|
| | | | % | |

*The arrearage amount(s) are estimated and will be paid the amount stated on the claim unless objected to and limited by separate Court order. The interest rate to be paid on the arrearage is the amount reflected above.

   b. All other secured creditors will be paid the value of the creditor's collateral as referenced below, with interest in the amount stated below. To the extent the value exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until entry of an order granting discharge.

| Creditor | Collateral | Value | Interest Rate | Fixed Payment or Pro Rata |
|---|---|---|---|---|
| **Fifth Third Bank** | 2009 Jeep Wrangler | **Fully Secured** | 8.0% | **Pro Rata** |
| **Santander Consumer** | 2009 Dodge Charger | **Fully Secured** | 8.0% | **Pro Rata** |

4. To creditors entitled to priority status pursuant to 11 U.S.C. §507, deferred payments as listed below:

   a. Pre-petition and post-petition priority tax claims will be paid in full as filed unless disallowed or limited by separate Court order. Priority tax claims are estimated as follows:

| Creditor | Amount to be Paid to Creditor |
|---|---|
| | $ |

$ _____

b. Pre-petition priority child support and/or alimony claims will be paid in full as filed unless disallowed or limited by separate Court order. Priority child support and/or alimony claims are estimated as follows:

| Creditor | Amount to be Paid to Creditor |
|---|---|
| _____ | $ _____ |

c. Other holders of priority claims specifically listed below will be paid as follows:

| Creditor | Amount to be paid to creditor |
|---|---|
| _____ | $ _____ |

5  To nonpriority unsecured creditors, as follows:

a. Special nonpriority unsecured creditors will be paid as follows:

| Creditor | Amount to be paid to Creditor | Interest Rate |
|---|---|---|
| _____ | $ _____ | _____ % |

b. Except as specifically provided above, nonpriority unsecured creditors will be paid __100__ cents on the dollar with no interest.

**Other provisions of the Plan:**

1. Other provisions including payments to be made directly by the debtor(s), collateral to be surrendered and other conditions:

2. If at any time during the case, an order terminating the automatic stay is entered, no further distributions will be made to the secured creditor obtaining stay relief until such time as the creditor files an amended claim reflecting any deficiency. Any allowed claim for a deficiency will be treated as a general unsecured claim.

3. All executory contracts are rejected, except such executory contracts assumed, as follows:

4. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

5. If the Trustee identifies this case as a business case, the debtor(s) will provide the Trustee with such monthly reports as he requests on forms provided by the Trustee.

6. The Trustee will make no disbursements to any creditor until the creditor has filed a proper proof of claim and provided a file-stamped copy of the claim to the Trustee. In the case of a secured claim, the creditor must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

7. To the extent necessary to make the disbursements required under this Order, the plan term may be automatically extended to a term up to 60 months.

8. The debtor(s) will pay **100% to unsecured creditors**. If the plan is confirmed as a percentage plan, the debtor(s) will pay the greater of the stated percentage or base amount. This plan is proposed as a **Percentage** plan.

9. All property shall remain property of the estate and shall vest in the debtor(s) only upon dismissal, discharge, conversion or other specific order of the Court. The debtor(s) shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

Signature _[signed]_ Christopher A. Phillips
Debtor                                          Date 9/22/10

Signature _[signed]_
Joint Debtor                                    Date 9/22/10

Signature _[signed]_
Attorney for Debtor(s)                          Date 9/22/10